UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL PRYOR, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) JURY DEMANDED |
| | ) |
| BRACHFELD LAW GROUP, a/k/a | ) |
| BRACHFELD & ASSOCIATES, and | ) |
| ERICA L. BRACHFELD, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Nathaniel Pryor, brings this action for redress of defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq* and 28 U.S.C. §1337.

## PARTIES

2. Plaintiff, Nathaniel Pryor ("Mr. Pryor") is an 83-year-old man residing in Chicago, Illinois.

3. Brachfeld Law Group, P.C., formerly known as Brachfeld & Associates, PC, ("BLG") is a California based company which is apparently not registered to do business in the State of Illinois. BLG, which also has offices in Texas and Ohio, regularly collects and attempts to collect debts originally owed or asserted to be owed to others. On information and belief, no attorney at BLG is licensed to practice law in Illinois. BLG is not licensed as a

collection agency in the state of Illinois, although it regularly directs collection communications to Illinois citizens.

4. Erica L. Brachfeld ("Brachfeld") is an individual believed to reside in California. She is the founder and owner of BLG, and controls the day-to-day business and operations of BLG. On information and belief, Brachfeld is a California licensed attorney.

## FACTUAL ALLEGATIONS

5. In or around April, 2011, defendants contacted Mr. Pryor by telephone in an attempt to collect a purported debt on behalf of an entity known as LVNV. LVNV is in the business of purchasing debts, or accounts receivable, from other companies.

6. Mr. Pryor immediately informed defendants that he was represented by counsel and directed defendants to call his Attorney, Michelle Weinberg, of the Legal Assistance Foundation ("LAF").

7. On or about April 27, 2011, defendants called Mr. Pryor's attorney, who informed the representative that Mr. Pryor is represented by LAF and that he had no garnishable income or assets. Counsel also asked Brachfeld to cease all direct communication with Mr. Pryor, and provided her contact information and address.

8. On or about January 14, 2012, defendants sent Mr. Pryor a letter demanding payment in the amount of $7,281.96 from him in connection with a purported Chase Bank account. (Exhibit A, attached).

9. Defendant's communication directly with Mr. Pryor in an attempt to collect a debt when it knew Mr. Pryor was represented by counsel violated the FDCPA, 15 U.S.C. §1692c (c).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) attorney's fees and costs pursuant to 15 U.S.C. 1692k; and

(d) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

                                                Respectfully submitted,

                                                _____
                                                Michelle A. Weinberg

Michelle A. Weinberg  
LAF  
120 S. LaSalle St. Suite 900  
Chicago, IL 60603  
(312) 347-8363